{¶ 1} I respectfully dissent from that portion of the majority opinion containing its analysis of appellant's first assignment of error. I believe appellee owes appellant $25,584.66, the value assigned to the RAM-86 in the separation agreement. Although I agree that a separation agreement is a binding contract between the parties and may be enforced by the court of common pleas, I disagree with the majority's interpretation of the terms of the separation agreement.
{¶ 2} In the instant case, the separation agreement provides that the RAM-86 account, "including all interest which has accrued and will accrue in the future shall be awarded to [appellant]. [Appellee] shall execute any documents necessary to transfer this account to [appellant] and she may do with it as she wishes, including allowing the account to remain active and mature." When the parties executed the foregoing separation agreement, the value assigned to the RAM account was "$25,584.66, as of December 31, 1989."
{¶ 3} I believe that it is clear from the terms of the separation agreement that appellee was contractually obligated to transfer the RAM-86 account to appellant at the time the agreement was executed, to wit: May 10, 1990. He failed to do so. Had appellee transferred the account in 1990, appellant would have received the stated value of the account, to wit: $25,584.66. Therefore, I believe that the trial court erred in determining that appellant was only entitled to $5,761.53, with interest calculated from November 1, 1993, the date the court ordered the separation agreement into execution.
{¶ 4} For the aforementioned reasons, I respectfully dissent from the majority opinion. Although I agree with the majority's decision to reverse and remand as to appellant's second assignment of error, I would also reverse the judgment of the trial court with regard to its determination that appellee only owes appellant $5,761.53, plus ten percent interest from November 1, 1993.